Duer, J.
There is no exception from the rule, that the holder of a promissory note sufficiently proves his title as owner by the production of the note, and proof of the signatures of the maker and endorser. Whether the note came into his hands before or after it was due, he is not required to show that it was transferred to him, for value, unless a defence is set up that would otherwise conclude him. Where no defence is interposed, even his admission that he paid no value, would not destroy his title as owner. The mere delivery of a note, if not accompanied with a trust, would be sufficient to vest an absolute title, since, unexplained, it would be evidence of a gift. If the plaintiff is a trustee for Parks, the proof rested upon the defendant.
The observations of Mr. Justice Jewett, in Brisbane v. Pratt, must be understood in reference to the particular circumstances of that case, in which a defence was set up that could only be met by proof that the plaintiff was a bonâ fide holder for value. Whether in that case the declarations of a former holder were properly admitted in evidence to impeach the title which he had passed, is a question that we are not now called upon to consider.
Although we can see no reason for doubting that the order appealed from must be affirmed, we shall suspend our judgment until we have consulted our brethren, and if the question shall be regarded by them as at all doubtful, the case shall be called again upon an early day.
Upon consultation, the judges were all of opinion that a further argument was unnecessary, and that the order at special' term should be affirmed.
*54 June 21st. The order was accordingly affirmed and final judgment rendered for the plaintiff, (a)

 Affirmed in Court of Appeals, May term, 1852.'